**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARK HUNT,<br><br>　　Plaintiff - Appellant,<br><br>　v.<br><br>ZUFFA LLC; BROCK LESNAR; DANA WHITE,<br><br>　　Defendants - Appellees. | No. 23-3113<br><br>D.C. No.<br>2:17-cv-00085-JAD-VCF<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted November 20, 2024
Pasadena, California

Before: PAEZ and RAWLINSON, Circuit Judges, and PREGERSON, District Judge.**

---

　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　　The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

Plaintiff-Appellant Mark Hunt ("Hunt") appeals the district court's grant of summary judgment to Defendants-Appellees on Hunt's fraud, battery, aiding and abetting battery, and civil conspiracy claims, all of which stem from his participation in a mixed martial arts bout. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, and affirm. *Universal Health Servs., Inc. v. Thompson*, 363 F.3d 1013, 1019 (9th Cir. 2004).

"We . . . may affirm on any ground supported by the record even if it differs from the rationale of the district court." *Opara v. Yellen*, 57 F.4th 709, 721 (9th Cir. 2023) (citation omitted). Although the district court did not reach the issue, damages are an essential element of Hunt's fraud and battery claims, which underpin the remaining claims. *See Chen v. Nevada State Gaming Control Bd.*, 116 Nev. 282, 284 (2000); *Bulbman, Inc. v. Nevada Bell*, 108 Nev. 105, 110-11 (1992). Unfortunately, Hunt does not point to any evidence in the record of any physical, emotional, economic, or reputational damage or harm attributable to Defendants-Appellees' conduct. Indeed, while maintaining that such evidence does in fact exist, Hunt acknowledged both in his reply brief and at argument that evidence of damages has not yet been "adequately presented." At the summary judgment stage the nonmoving party must present evidence showing there is a genuine issue of material fact for trial. *T.W. Elec. Serv., Inc. v. Pac. Elec.*

*Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). "[T]he nonmoving party may not merely . . . proceed in the hope that something can be developed at trial in the way of evidence to support its claim."[1] *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986)). Absent evidence of damages resulting from Defendants-Appellants' allegedly wrongful conduct, we must affirm.

**AFFIRMED.**

---

[1] Hunt submitted several documents on appeal that were not presented to the district court on summary judgment. Even if these submissions had included evidence of damages, we may not consider documents that were not part of the record before the district court. *See LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1136 (9th Cir. 2009).